PEOPLE *v.* MAUCH

1. EVIDENCE—PRIOR CONVICTIONS—ADMISSIBILITY—ESCAPE.

Evidence of prior convictions is admissible when it is material and relevant to the issue being tried; hence, evidence of defendant's sentences upon conviction of two prior offenses was properly admitted in a prosecution for escape from prison where they were not only material and relevant but necessary to prove a principal element of that crime which was defendant's imprisonment (MCLA § 750.193).

2. EVIDENCE—JUDICIAL ADMISSION—OFFER OF PROOF—ADMISSIBILITY—ESCAPE.

Judicial admission does not preclude an offer of proof in a criminal case; hence, evidence of defendant's imprisonment was properly admitted at his trial for escape from prison even though he had made a pretrial admission that he had left the prison (MCLA § 750.193).

3. EVIDENCE—USE OF ALIAS—ADMISSIBILITY—ESCAPE.

Reading of a mittimus wherein defendant's use of an alias was mentioned was properly admissible in a prosecution for escape from prison where the mittimus was admissible to show

<hr/>

REFERENCES FOR POINTS IN HEADNOTES

[1]  29 Am Jur 2d, Evidence § 320 *et seq.*
[2]  29 Am Jur 2d, Evidence § 615 *et seq.*
[3]  29 Am Jur 2d, Evidence §§ 280, 623.
[4–8]  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26, 27.

defendant's imprisonment and mention of two names used by defendant was proper to show that it was indeed defendant who had been convicted and imprisoned (MCLA § 750.193).

4. Escape—Evidence—Pre-Existing Convictions—Instructions.

Although a cautionary instruction that evidence of pre-existing convictions could be considered only as proof of imprisonment and not as proof of criminal character would have been proper in a prosecution for escape from prison had it been requested, the failure to give it in the absence of a request was not reversible error.

5. Indictment and Information—Third Felony—Supplemental Information.

A supplemental information charging defendant with third felony is not fatally defective because it was filed before defendant was convicted of the offense constituting his third felony and did not allege a third conviction because the filing of a supplemental information charging third felony is not restricted to cases where defendant has already been convicted of his third felony (MCLA §§ 769.11, 769.13).

6. Criminal Law—Third Felony—Sentence—Discretion.

The trial court is required to exercise its discretion in setting the maximum sentence for a third felony conviction and a defendant must be remanded for resentencing where it is clear that the trial judge did not exercise his discretion because he thought that the statute for third felony convictions required a mandatory doubling of sentence (MCLA § 769.11).

7. Criminal Law—Prison Escape—Third Felony—Commencement of Sentence.

Increase of sentence upon conviction of third felony after the period of incarceration had already been increased upon conviction of a prison escape charge which constituted the third felony was not unlawful or contrary to habitual criminal statutes where sentence for the prison escape conviction, although it resulted in a term of imprisonment beyond that imposed for defendant's pre-existing convictions, was not alone due to recidivism but due to the distinct and separate felony escape from prison and did not increase any pre-existing punishment within the context of the habitual criminal sections (MCLA §§ 750.193, 769.11).

8. Escape—Third Felony—Sentence.

Incarceration for conviction of prison escape as increased by conviction of third felony based on the perpetration of the

escape was properly set to commence upon the expiration of the sentences, being served at the time of escape (MCLA §§ 750.193, 769.11).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 November 6, 1969, at Lansing. (Docket No. 6,182.)   Decided May 25, 1970.   Leave to appeal denied October 15, 1970.   384 Mich 765.

Richard E. Mauch was convicted of prison escape as a third felony. Defendant appeals. Conviction affirmed, and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce Barton,* Prosecuting Attorney, and *Paul R. Adams,* Chief, Appellate Division, for the people.

*Richard E. Mauch, in propria persona.*

Before: J. H. GILLIS, P. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   Defendant Richard Mauch appeals *in propria persona* following his conviction of escape[1] as a third felony.[2]

The proceedings in question are the second to be held on the charges arising out of defendant's escape from Jackson Prison in April, 1963.   The first took place in March, 1964, when defendant pleaded guilty to escape and third felony and received a sentence of two to six years, to be served upon expiration of the sentences he was serving at the time of the escape.   In July, 1967, the convictions were vacated and a new trial was granted.   This time the charge of escape was tried before a jury.   Upon reconviction,

---

[1] MCLA § 750.193 (Stat Ann 1962 Rev § 28.390).
[2] MCLA § 769.11 (Stat Ann 1954 Rev § 28.1083).

defendant pleaded guilty to third felony and, on July 17, 1968, received a sentence of 2-1/2 to 6 years, again to be served consecutively to the pre-existing sentences.

Defendant's allegations of error, none of which entails reversal, are restated and discussed in order:

1. *Evidence of the pre-existing convictions was inadmissible.* At the escape trial the prosecution adduced evidence showing defendant to have been an inmate of Jackson Prison at the time of the alleged escape. This evidence consisted of testimony by the prison record clerk, along with two mittimuses, each certifying one of defendant's two pre-existing convictions. Although mention was made of the sentences received under these convictions—20 to 30 years and life—no mention was made of the underlying crimes (kidnapping and assault with intent to murder). Defendant contends that this evidence nevertheless constitutes evidence of prior crimes and was therefore inadmissible under the general rule barring such evidence. *People* v. *Askar* (1967), 8 Mich App 95; *People* v. *Shaw* (1968), 9 Mich App 558; *People* v. *Camel* (1968), 11 Mich App 219.

That the clerk's testimony and the mittimuses constitute evidence of prior crimes goes without saying. That they do so does not mean, however, that they were inadmissible. The general rule relied upon by defendant, when fully stated, allows the use of such evidence when it is material and relevant to the issue being tried. *People* v. *Fleish* (1948), 321 Mich 443, 461. The broad issue below, of course, was whether defendant committed the crime of escape from prison. A principal element of this crime is the accused's imprisonment. See 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1374, p 1786. Thus, the prison clerk's testimony and the mittimuses were not only material and relevant, but served as

part of the showing necessary for a conviction. We find no violation of the general rule. See *People* v. *Burd* (1965), 1 Mich App 178, 183.

Defendant alleges two other errors regarding the admissibility of this evidence. First, he contends the prosecutor was precluded from adducing any evidence of his imprisonment since he admitted before trial that he left the prison, his defense being that the prison authorities knew an escape was planned but nevertheless made no attempt to thwart it. The answer to this contention is that a judicial admission does not preclude an offer of proof in a criminal case. *People* v. *Neaton* (1940), 294 Mich 134. Secondly, he contends that he was prejudiced by a reference to his use of an alias, since, he argues, only "hardened criminals" use aliases. The reference consisted of the prison clerk's reading of one of the mittimuses. The mittimus certified the conviction of one "John Rogers, a/k/a Richard Mauch." As we have said, the mittimuses were admissible in evidence to show defendant's imprisonment. Mention of the two names used by defendant was proper to show that it was indeed the defendant who had been convicted and imprisoned.

2. *The court failed to instruct the jury that the evidence of pre-existing convictions could be considered only as proof of imprisonment, and not as proof of criminal character.* Although an instruction to this effect was not requested, defendant contends the failure to give one was nevertheless reversible error and cites *Askar* and *Shaw, supra.* Our Court said in *Askar:*

"The burden is upon the prosecutor to show for which of these purposes he seeks to introduce evidence of prior offenses and to show that the purpose is material and relevant to the case being tried. Moreover, once the requisite showing has been made

and the evidence admitted, we perceive it to be incumbent upon the trial court, whether or not so requested by the defendant, to instruct the jury immediately that the evidence was admitted for a specific purpose and that they shall consider it only for that purpose."

The reason for the ruling in *Askar* and related cases lies in the desirability of avoiding the potential prejudice inhering in evidence of other crimes used to show either "motive, intent, etc.",[3] or, where a sexual crime is involved, "opportunity, disposition of the parties and intimate relations tending to break down self-respect".[4] However, the potential prejudice is unavoidable where prison escape is charged. A jury will expect a certain criminal character in any prison inmate. Although a cautionary instruction would have been proper had it been requested, the failure to give it in the absence of a request was not reversible error.

3. *The supplemental information is fatally defective because it does not allege a third conviction.* Section 13 of the chapter of the criminal code[5] dealing with judgment and sentence provides in relevant part:

"If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions."

---

[3] MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050).

[4] See *People* v. *Donald D. Williams* (1965), 2 Mich App 91, 94.

[5] MCLA § 769.13 (Stat Ann 1954 Rev § 28.1085).—REPORTER.

The supplemental information in the instant case recited the nature, date and place of defendant's two pre-existing convictions and then alleged "that by reason of the felony set forth in the information filed herein [and the two pre-existing convictions] Richard Mauch is guilty of the offense of third felony." Filed, as it was, before defendant was convicted of escape, the supplemental information did not allege a third *conviction.* Defendant points out that § 13 requires an allegation of second, third or fourth conviction, as the case may be, and contends that without it a supplemental information charging second, third or fourth felony is fatally defective. *People* v. *Gunsell* (1951), 331 Mich 105.

Defendant's reliance on § 13 and *People* v. *Gunsell* is misplaced, since both deal with the filing of a supplemental information *after* conviction. The procedure set forth in § 13 need not be followed when the supplemental information is filed before conviction. *In re Brazel* (1940), 293 Mich 632; *People* v. *Stratton* (1968), 13 Mich App 350. As our Court said in *Stratton* at 356:

"* * * [S]ections 10, 11, 12 and 13 * * * contemplate 2 separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor *'after* conviction' of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender prior to conviction on the current charge; the procedure set forth in section 13 need not be followed." (Emphasis in original.)

Section 12[6] authorizes the filing of the supplemental information before conviction on the current charge. Since it does, an allegation of third *conviction* in the supplemental complaint can hardly be said to be required.

The supplemental information specified defendant's two pre-existing convictions and expressly referred to the information already filed on the third and current charge. Defendant was given full notice of the charge of third felony.

*4. The trial court did not exercise its discretion in setting the maximum sentence.* Section 11[7] provides that upon a third felony conviction, the maximum sentence shall be "not more than twice the longest term prescribed for a first conviction of the [current] offense or for any lesser term in the discretion of the court." The maximum term allowed for a first offense of escape is three years, MCLA § 750.193 (Stat Ann 1962 Rev § 28.390), and thus defendant's maximum sentence of six years (twice the maximum for escape) is within the limits set by §11. However, in imposing the maximum sentence, the trial court stated its belief that the 6-year term was *mandatory* and therefore the imposition of a lesser maximum term was beyond its authority. From this statement the defendant correctly concludes that the court did not exercise its discretion in setting the maximum sentence.

Implicit in the language of § 11, we think, is a requirement that the court exercise its discretion in setting a maximum sentence, even if the maximum sentence ultimately set in any given case equals the maximum allowed by § 11, that is, twice the longest term prescribed for a first conviction of the current offense. Since the court did not exercise its discre-

[6] MCLA § 769.12 (Stat Ann 1954 Rev § 28.1084).—REPORTER.
[7] MCLA § 769.11 (Stat Ann 1954 Rev § 28.1083).—REPORTER.

tion, it is necessary to remand defendant for resentencing.

5. *That part of the sentence which reflects the third felony conviction must begin to run upon its being imposed.* Defendant's sentence of 2–1/2 to 6 years was ordered to commence upon expiration of the two concurrent sentences he was serving at the time of his escape. Defendant acknowledges that the purpose of the habitual criminal sections is to increase the punishment of a recidivist, see *People v. Shotwell* (1958), 352 Mich 42, but points out that punishment is to be increased only once, not twice. Since his punishment is increased once by his escape conviction, he argues, the second increase caused by his third felony conviction is contrary to the purpose and intent of the habitual criminal sections and therefore unlawful. That part of his sentence which reflects his third felony conviction must begin to run, if it is to run at all, upon its being imposed.

Defendant's argument misconceives the nature of his escape conviction. Although it is true that his escape conviction results in a term of imprisonment beyond that imposed under his two pre-existing convictions, that it does so is not alone due to any recidivism on his part, but to the commission of another distinct and separate felony, escape from prison. Consequently, the escape conviction cannot itself be said to increase any pre-existing punishment, at least not within the meaning of the habitual criminal sections.

Section 11 operates to increase the punishment under defendant's third felony conviction, escape from prison. *People v. Shotwell, supra.* The statute defining the crime of escape from prison in turn requires that the sentence for escape "be served after the termination, pursuant to law, of any sentence or sentences then being served". The court was correct

in ordering that defendant's sentence for escape, increased by § 11, commence upon expiration of the sentences he was serving at the time of escape. *In re Wilson* (1940), 295 Mich 179.

6. *The time served under the earlier convictions of escape and third felony should have been credited to defendant.* This contention is wholly lacking in merit, since the sentence imposed under these convictions never began to run. Like the present sentence, it was not to begin until expiration of the kidnapping and assault convictions.

Affirmed. Defendant remanded for resentencing. All concurred.