PEOPLE v TRIPLETT

Docket No. 81825. Argued June 8, 1989 (Calendar No. 1). Decided June 19, 1989.

Eddie L. Triplett was convicted by a jury in the Calhoun Circuit Court, Stanley E. Everett, J., of second-degree criminal sexual conduct. At sentencing, the trial court imposed the minimum sentence within the range recommended under the sentencing guidelines, but offered no explanation of the sentence. The Court of Appeals, SAWYER, P.J., and MacKENZIE, J. (CAPRATHE, J., dissenting), affirmed in an opinion per curiam (Docket No. 90943). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY, and Justices LEVIN, BRICKLEY, CAVANAGH, and ARCHER, the Supreme Court held:

Because the trial court did not articulate on the record its reasons for imposing sentence, remand to the trial court for an explanation of the sentence is required.

Sentencing is an event of unsurpassed importance. To assure that it is properly performed, the sentence imposed must be explained by the sentencing judge. Absent such explanation, it is not possible to know how the determination was made that the sentence imposed was proper. In order to aid appellate review in determining whether there has been an abuse of discretion, a trial court must, at the time of sentencing, articulate on the record its reasons for imposing a sentence.

Remanded for explanation of sentence.

Justice BOYLE, joined by Justice GRIFFIN, dissenting, stated that because the defendant made no claim that the sentence imposed was arbitrary or amounted to an abuse of discretion shocking to the conscience, or that there was any error in the presentence report or the sentencing information report, and because defense counsel acknowledged on the record that he and the defendant had read the presentence investigation report and had no exceptions to it, the failure of the trial court to articulate on the record the reasons for imposing sentence provides no basis for relief. There was no claim that the error affected the sentence or that the sentence was unfair or based on other than accurate information.

163 Mich App 339; 413 NW2d 791 (1987) remanded.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Samuel I. Durham, Jr.,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*) for the defendant.

PER CURIAM. In this case, the sentencing judge imposed a minimum sentence within the range recommended by the sentencing guidelines,[1] but offered no explanation for the sentence. The issues before us today are whether to grant relief to the defendant who complains of the lack of explanation, and, if so, what remedy is appropriate. We hold today that a remand to the trial court for an explanation of the sentence is required in such a circumstance.

I

This defendant was charged with first-degree criminal sexual conduct.[2] Following a three-day jury trial, he was convicted of second-degree criminal sexual conduct.[3]

The defendant was sentenced to a term of from five to fifteen years in prison. This five-year minimum sentence fell within the range recommended by the guidelines.[4] Prior to the imposition of sentence, there was a discussion of the defendant's stated intention to file a motion for a new trial. The trial court did not, however, offer any explanation of why it had selected the five-year minimum term of imprisonment. ·

---

[1] See Administrative Order No. 1984-1, 418 Mich lxxx (1984), and Administrative Order No. 1985-2, 420 Mich lxii (1985).

[2] MCL 750.520b(1)(b); MSA 28.788(2)(1)(b).

[3] MCL 750.520c(1)(b); MSA 28.788(3)(1)(b).

[4] By the trial court's calculation, this case fell in cell E-II of the 180-month CSC grid. The recommended range in that cell is forty-two to sixty months. There is no challenge to the trial court's calculations.

The Court of Appeals affirmed,[5] 163 Mich App
339; 413 NW2d 791 (1987).

## II

In the Court of Appeals, the defendant framed
three issues. The first two concerned his convic-
tion. The third claim raised by the defendant was
that he should be resentenced because the trial
court failed to articulate a basis for the sentence.

The Court of Appeals observed this Court's state-
ment in *People v Coles*, 417 Mich 523, 549; 339
NW2d 440 (1983), that "the trial court must at the
time of sentencing articulate on the record its
reasons for imposing the sentence given." The
Court of Appeals further noted that it is sufficient
to refer to the sentencing guidelines when impos-
ing a minimum sentence in conformity with the
guidelines. *People v Broden*, 428 Mich 343, 354-
355; 408 NW2d 789 (1987).

Applying those holdings to the present case, the
Court of Appeals said, "We have a *Coles* error
which is not cured by *Broden*." The Court of
Appeals nevertheless concluded that relief was
unnecessary:

> The trial court here did not articulate reasons
> for the sentence, which was within the limits
> suggested by the guidelines, or make any reference
> to the guidelines. Defense counsel said on the
> record that he and the defendant had "read the
> presentence investigation report and take no ex-
> ceptions thereto." We have a *Coles* error which is
> not cured by *Broden* . . . . The question is
> whether the error is error requiring reversal—
> what is the duty of the appellate court? If we

[5] Bay Circuit Judge WILLIAM J. CAPRATHE, sitting on the Court of
Appeals by assignment, dissented from the Court's resolution of an
issue that we do not consider today.

remand for articulation of reasons, the trial judge can cure the defect by acknowledging that he was cognizant of the guidelines. This would fulfill the requirements of *Broden* . . . but would surely be an exercise in futility.

Defendant desires resentencing; however, under *Coles, supra,* we give defendant this relief only if we find the sentence is an abuse of discretion which shocks our conscience, a claim not even made by this defendant.

We do not find the imposition of this sentence an abuse of discretion. The sentence does not shock our conscience. Therefore, mindful that while the Supreme Court in *Broden* . . . specifically stated that sentences within the guidelines could be shocking to the judicial conscience, *id.,* p 354, n 18, in view of this defendant's failure to argue that this sentence is shocking or to give any reasons why the imposition of this sentence might be an abuse of discretion, we hold that under these facts the sentence is presumptively not excessively severe or unfairly disparate because it falls within the sentencing norm for that class of offender. *Id.,* pp 354-355. [163 Mich App 347-348.]

### III

The Court of Appeals is correct that this case involves "a *Coles* error which is not cured by *Broden."* We disagree, though, with the Court of Appeals conclusion that relief is unnecessary. When this Court adopted the articulation requirement in *Coles,* we quoted favorably from *United States v Brown,* 479 F2d 1170, 1172-1173 (CA 2, 1973), in which the court wrote of the usefulness of such an articulation requirement.[6] Building on

---

[6] Were we writing on a clean slate, we might well be persuaded in favor of a requirement that the sentencing judge state his reasons. Such a rule would be "a powerful safeguard against rash and arbitrary decisions" at this crucial stage of the criminal process where the defendant's liberty is at stake. Frankel, Criminal Sentences—Law Without Order [New York:

*Coles* and *Brown,* we noted in *Broden* the useful-
ness of the articulation requirement:

> In order to aid the appellate review process in
> determining whether there has been an abuse of
> discretion, we further held in *Coles* that the trial
> court must, at the time of sentencing, articulate
> on the record its reasons for imposing the sentence
> given. A silent record precludes the appellate
> court from determining whether the trial court
> considered impermissible factors or whether an
> ostensibly harsh or disparate sentence is justified
> by permissible considerations. The articulation-of-
> reasons requirement further acts as a safeguard
> against rash and arbitrary decisions by forcing the
> sentencing judge to focus on relevant factors, and
> it also reduces the risk that inaccurate informa-
> tion will be considered. If the sentencing judge is
> relying on misinformation, disclosure will give the
> defendant an opportunity to correct the error. [428
> Mich 350-351.]

The Court of Appeals concluded that relief was
not required in this case because the defendant did
not assert that the trial court abused its discretion
by imposing a sentence that is shocking to the
conscience. As we explained in *Broden,* though,

---

Hill & Wang, 1973, p 41]. It would serve "to promote thought
by the decider, to compel him to cover the relevant points, to
help him eschew irrelevancies—and, finally, to make him show
that these necessities have been served." *Id.* at 40. It would also
promote fairness by minimizing the risk that the sentencing
judge might rely on misinformation or on inaccuracies in the
presentence report. See *United States v Needles,* 472 F2d 652
(CA 2, 1973). If a misapprehension on the court's part were
disclosed, the defendant and his counsel would then have the
opportunity to answer and explain, pointing out the error. A
Sphinx-like silence on the court's part precludes anyone (in-
cluding the parties, the judge, and an appellate tribunal) from
learning whether he acted in error. Furthermore, a statement
of reasons by the court could prove to be of considerable
assistance to prison and parole authorities in later determining
the type of institution in which the defendant should be incar-
cerated and the time and conditions of parole.

the articulation requirement serves to shed light on other aspects of sentencing. Absent an explanation from the sentencing judge, it is simply not possible to know how he determined that five years was a proper minimum sentence for this case.

Sentencing is an event of unsurpassed importance. To assure that this difficult task is properly performed, we require that a sentence be explained. No explanation having been offered in this case, it is necessary to remand this matter to permit the sentencing judge to supply his reasoning.

We have considered the defendant's argument that resentencing is the appropriate remedy here. However, we are satisfied that no persuasive reason exists to require a full resentencing. The judge is to explain the basis of the sentence, and, should it appear to the defendant that an error of law has been committed, he can then move the trial court for resentencing.

For these reasons, we remand this case to the circuit court for an explanation of the sentence. We do not retain jurisdiction.

Riley, C.J., and Levin, Brickley, Cavanagh, and Archer, JJ., concurred.

Boyle, J. I respectfully dissent. Had the defendant claimed that the sentence was arbitrary or an abuse of discretion that shocks the conscience, *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), I would agree with today's result. He did not do so. Nor did the defendant claim that there was any error or mistake in the presentence report or the sentencing information report. Indeed, the defense counsel at sentencing acknowledged on the record that he and the defendant had "read

the presentence investigation report and [had] no exceptions thereto."

The Court of Appeals correctly observed that the failure to articulate is error and trial judges presumptively will respect that observation. Where, however, there is no claim that the error affected the sentence, i.e., that the sentence was unfair or based on other than accurate information, there is no basis for relief.

I would affirm the decision of the Court of Appeals.

GRIFFIN, J., concurred with BOYLE, J.