PEOPLE v IACONA

Docket No. 112502. Submitted April 14, 1989, at Detroit. Decided August 9, 1989.

Chris Joseph Iacona pled guilty of second-degree murder in exchange for the dismissal of original charges of first-degree murder and possession of a firearm during the commission of a felony, and the prosecution's recommendation that any sentence of imprisonment have a minimum term not exceeding fifteen years, Macomb Circuit Court, Robert J. Chrzanowski, J. The trial court's probation department prepared a report which recommended a sentence of fifteen to fifty years. The report indicated the sentencing guidelines' recommended minimum range of ten years to life. At sentencing the trial court imposed the sentence recommended by the probation department, stating on the record that it was adopting the probation department's recommendation. Defendant appealed.

The Court of Appeals *held:*

1. A sufficient explanation for the sentence imposed was placed on the record.

2. The sentence does not shock the judicial conscience of the Court of Appeals.

Affirmed.

CRIMINAL LAW — SENTENCING — ARTICULATION OF REASONS FOR SENTENCE — SENTENCING GUIDELINES.

A sentencing court sufficiently articulates its reasons for imposing a sentence that is within the range recommended by the sentencing guidelines where the court states on the record that, in imposing the sentence, it is adopting the recommendation of the probation department as reflected in that department's report, and the report contains the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prose-

REFERENCES

Am Jur 2d, Criminal Law §§ 533, 536, 538.

See the Index to Annotations under Plea Bargaining; Sentence and Punishment.

cuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Richard J. Goodman,* Assistant Prosecuting Attorney, for the people.

*George A. Chatman,* for defendant on appeal.

Before: Gribbs, P.J., and Murphy and Neff, JJ.

Per Curiam. Pursuant to a plea agreement in which a first-degree murder charge, MCL 750.316; MSA 28.548, and a charge for possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), were to be dismissed, defendant pled guilty to one count of second-degree murder, MCL 750.317; MSA 28.549. There was a sentencing agreement which provided a fifteen-year cap on the minimum sentence to be imposed. The sentencing guidelines recommended a minimum prison term of ten years to life. Defendant was sentenced to fifteen to fifty years in prison.

On appeal, defendant contends that the trial court failed to state on the record the reasons for the sentence imposed and that the court abused its discretion in imposing defendant's sentence. We affirm.

Our Supreme Court in *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987), held that a sentencing judge's reference only to the sentencing guidelines when giving reasons for the sentence imposed is a sufficient explanation under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), when the guidelines recommendation is followed. *Broden, supra,* p 346.

We are aware of our Supreme Court's recent pronouncement in *People v Triplett,* 432 Mich 568; 442 NW2d 622 (1989), and do not believe that *Triplett* requires that this case be remanded for

further articulation on the record. Unlike the facts in *Triplett,* where no explanation whatsoever was stated on the record for the sentence imposed, in this case the court stated that it was adopting the probation department's recommendations, which contained the sentencing guidelines. Therefore, this Court, unlike the reviewing court in *Triplett,* has before it the explanation from the trial court as to why the particular sentence was imposed.

Finally, the sentence imposed by the trial court does not shock our judicial conscience. *Coles, supra,* p 550.

Affirmed.