PEOPLE v YOUNG

Docket No. 116071. Submitted February 13, 1990, at Lansing. Decided April 2, 1990.

Wallace Young, pursuant to a plea agreement, pled guilty in Oakland Circuit Court, Frederick C. Ziem, Jr., J., acting for John N. O'Brien, J., to one count of uttering and publishing and to being a fourth felony offender. Defendant was sentenced to three to fourteen years in prison on the uttering and publishing conviction. That sentence was then vacated and defendant was sentenced to three to thirty years in prison for his habitual offender conviction. Defendant appealed.

The Court of Appeals *held:*

1. The fact that the Oakland County probation officer failed to interview defendant when he was preparing the presentence report does not entitle defendant to resentencing. Defendant was in the custody of a United States Marshal at the time and unavailable to the probation officer. The report complied with the statutory requirements, and defendant does not suggest that the information in the report is inaccurate, false, or misleading.

2. Remand to the sentencing court for articulation on the record of reasons for the sentence imposed is not necessary. The court was persuaded by counsel's plea for leniency in rejecting the recommended sentence of five to thirty years and instead sentenced defendant to three to thirty years.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

The failure of a presentence report to include a defendant's version of the crime does not require resentencing where the defendant was in the custody of a United States Marshal and unavailable to the probation officer who prepared the report at the time the report was prepared, the report contained no inaccurate, false, or misleading information, and the defendant had the opportunity to but did not object to any of the information in the report either at sentencing or on appeal.

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 596.

See the Index to Annotations under Sentence and Punishment.

2. CRIMINAL LAW — SENTENCING — ARTICULATION OF REASONS.

  Remand to a sentencing court for articulation on the record of
  reasons for the sentence imposed is not necessary where the
  court was persuaded by counsel's plea for leniency in rejecting
  the recommended sentence of five to thirty years and instead
  imposed a sentence of three to thirty years.

*Frank J. Kelley,* Attorney General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter*), for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and WAHLS and SAWYER, JJ.

MICHAEL J. KELLY, P.J. Pursuant to a plea agreement, defendant pled guilty to uttering and publishing, MCL 750.249; MSA 28.446, and to being a fourth felony offender, MCL 769.12; MSA 28.1084. After vacating defendant's sentence of three to fourteen years on the underlying offense, the judge sentenced defendant to three to thirty years in prison for his habitual offender conviction. Defendant appeals his sentence as of right. We affirm.

Upon a review of the record and briefs, we find no necessity for resentencing on the basis of the probation officer's failure to interview defendant when defendant was in the custody of a United States Marshal. Defendant's presentence report complied with statutory requirements. MCL 771.14; MSA 28.1144. There is no indication that defendant's sentence was based on anything but accurate information. *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559 (1971). Nor did

defendant object, at sentencing or on appeal, to any information in the presentence report as inaccurate, false or misleading. *People v Wiggins,* 151 Mich App 622, 626; 390 NW2d 740 (1986). Therefore the report's omission of defendant's version of events does not require resentencing. *People v Viaene,* 119 Mich App 690, 696; 326 NW2d 607 (1982).

However, defense counsel urges that *People v Triplett,* 432 Mich 568, 573; 442 NW2d 622 (1989), requires remand to the sentencing court for articulation on the record of reasons for defendant's sentence. This would require us to ignore that the court was persuaded by counsel's plea for leniency in rejecting the recommended sentence of five to thirty years and instead levying a reduced sentence of three to thirty years. We will not go to such a lengthy extreme to defy the spirit of sentence review and *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), in spite of the state appellate defender's proposed interpretation of *People v Triplett, supra.*

Affirmed.