PEOPLE v DUKES

Docket No. 118053. Submitted February 14, 1991, at Detroit. Decided
    May 7, 1991, at 10:15 A.M.

    Keith M. Dukes was convicted of uttering and publishing a forged
    instrument and of conspiring to utter and publish a forged
    instrument following a jury trial in the Genesee Circuit Court,
    Valdemar L. Washington, J. The defendant thereafter pleaded
    guilty of being an habitual offender, third offense, and was
    sentenced to seven to twenty-eight years' imprisonment, to be
    served concurrently with a sentence imposed for an earlier
    conviction of possessing a short-barreled shotgun. The defen-
    dant appealed, raising several claims, and the prosecution cross
    appealed by delayed leave granted, claiming that the trial court
    erred in failing to recognize that it had discretion to impose a
    consecutive sentence.

    The Court of Appeals *held:*

    The defendant's claims either were not preserved for appel-
    late review or they lack merit. However, the trial court erred
    in not recognizing that, at the time of the instant offense, MCL
    768.7b; MSA 28.1030(2) allowed discretionary consecutive sen-
    tencing where a felony was committed pending the disposition
    of a prior felony charge. Remand is required for a determina-
    tion of whether, at the trial court's discretion, the sentences
    should be served consecutively.

    1. The defendant, by not providing a transcript of the appro-
    priate proceeding, has failed to preserve for appellate review
    the claim that the trial court erred in ruling that evidence of a
    prior unarmed robbery conviction was admissible at trial for
    his impeachment.

    2. The defendant, by not moving for a new trial, failed to
    preserve for appeal the claim that the verdict was against the
    great weight of the evidence.

    3. The trial court did not err in denying the defendant's

REFERENCES

Am Jur 2d, Criminal Law §§ 538, 552, 553, 598, 599.

See the Index to Annotations under Concurrent and Consecutive
    Sentences; Habitual Criminals and Subsequent Offenders; Sen-
    tence and Punishment.

motion for a directed verdict of acquittal. The evidence, when viewed in a light most favorable to the prosecution, would have led a rational trier of fact to conclude that the elements of the charged offenses were proven beyond a reasonable doubt.

4. The trial court did not abuse its discretion in imposing a minimum sentence that fell within the recommended range of the sentencing guidelines. Sentences within the recommended range of the sentencing guidelines are presumptively not excessively severe or unfairly disparate. The defendant has not presented mitigating factors related to his criminal history or the circumstances of the instant offenses which are of sufficient significance to overcome this presumption.

5. The trial court's articulation of reasons for the sentence was sufficient in light of its reliance on the recommended sentence range of the sentencing guidelines.

6. At the time of the instant offenses, MCL 768.7b; MSA 28.1030(2) authorized consecutive sentencing, at the discretion of the trial court, where a felony was committed pending the disposition of a prior felony charge. For purposes of the statute, the disposition of a case was pending until the defendant was sentenced for the offense. The statute applies to this case because the defendant committed the instant offenses while he was released on bond and awaiting delayed sentencing for the prior conviction of possession of a short-barreled shotgun.

Affirmed in part, reversed in part, and remanded.

1. SENTENCES — SENTENCING GUIDELINES — PROPORTIONALITY.

A sentence that is within the range recommended by the sentencing guidelines is presumptively not excessively severe or unfairly disparate and is valid, absent mitigating factors, under the principle of proportionality.

2. SENTENCES — CONSECUTIVE SENTENCES — DELAYED SENTENCING.

The statute that provides for the imposition of consecutive sentences where a felony is committed pending the disposition of a prior felony charge applies to a defendant who commits a felony while released on bond and awaiting delayed sentencing for a prior felony (MCL 768.7b; MSA 28.1030[2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Ghristopherson,* Assistant Prosecuting Attorney, for the people.

Keith M. Dukes, in propria persona, and *Lawrence R. Greene,* for the defendant on appeal.

Before: MacKenzie, P.J., and Gribbs and Griffin, JJ.

Per Curiam. Following a jury trial, defendant was convicted of uttering and publishing a forged instrument, MCL 750.249; MSA 28.446, and conspiracy to utter and publish a forged instrument, MCL 750.157a; MSA 28.354(1). He subsequently pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. Defendant was sentenced to seven to twenty-eight years' imprisonment for the convictions. He appeals his convictions and sentence as of right. The people cross appeal the sentence by delayed leave granted. We affirm in part and remand in part.

Defendant first contends that the trial court erred in allowing the prosecutor to impeach defendant with evidence of a prior unarmed robbery conviction. The record indicates that the court's ruling on the admissibility of the conviction was made on April 6, 1989. Because defendant has not provided a transcript of the April 6 proceedings, we deem the issue abandoned. *People v Dwight Johnson,* 173 Mich App 706, 707; 434 NW2d 218 (1988).

Defendant's next claim, that the jury's verdict was against the great weight of the evidence, is likewise not preserved for appellate review because defendant did not move for a new trial. *People v Richard Johnson,* 168 Mich App 581, 585; 425 NW2d 187 (1988).

Defendant also claims that the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to support his convictions. When reviewing a challenge to the

sufficiency of the evidence, this Court views the evidence in a light most favorable to the prosecution to determine if a rational trier of fact could have found that the elements of the crime were proven beyond a reasonable doubt. *People v Hampton*, 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885 (1980).

Viewed in a light most favorable to the prosecution, the evidence in this case indicated that Cherie Skeens obtained the complainant's checkbook without his consent and gave it to Jimmy Williams. Williams, in turn, approached defendant about a stolen check. Defendant agreed to cash the check offered by Williams, and the two went to a bank. There, defendant presented to a teller a $200 check payable to defendant and drawn on the complainant's account, and the teller cashed it. Defendant and Williams each kept $100.

The elements of uttering and publishing require that the defendant knew the instrument was false, that he had an intent to defraud, and that he presented the forged instrument for payment. *People v Hammond*, 161 Mich App 719, 722; 411 NW2d 837 (1987). A rational trier of fact reasonably could have found that the evidence satisfied each of these elements. Moreover, a rational trier of fact reasonably could have concluded that defendant and Williams had a mutual understanding or agreement to commit the offense of uttering and publishing, and thus were engaged in a conspiracy. See *People v Bettistea*, 173 Mich App 106, 117-118; 434 NW2d 138 (1988). The trial court did not err in denying defendant's motion for a directed verdict.

Defendant's remaining arguments concern his sentence of 7 to 28 years or 84 to 336 months. Defendant's claim, that this sentence was an abuse of discretion under *People v Milbourn*, 435 Mich

630; 461 NW2d 1 (1990), is without merit. In imposing sentence, the trial judge stated that he would sentence defendant within the sentencing guidelines' recommended minimum sentence range of 24 to 84 months despite defendant's status as an habitual offender. *Milbourn* left intact the Court's prior observation, in *People v Broden,* 428 Mich 343, 354; 408 NW2d 789 (1987), that sentences falling within the recommended guidelines range are presumptively not excessively severe or unfairly disparate. Defendant has not presented mitigating factors related to his criminal history or the circumstances of these offenses which are of sufficient significance to overcome this presumption of proportionality. We find no abuse of discretion in the sentence imposed.

Defendant further claims that the court's articulation of the reasons for the sentence was insufficient. In light of the court's expressed reliance on the guidelines' recommendation, we reject this claim. *Id.*

The people contend that the trial court erred in ruling that defendant's sentence could not run consecutively to an existing sentence defendant was serving for possession of a short-barreled shotgun. We agree.

The instant uttering and publishing offenses were committed on February 8, 1988. Approximately one year earlier, defendant had pleaded guilty of possession of a short-barreled shotgun. Sentencing was delayed, and defendant was released on bond. Defendant absconded, and bond was revoked in December 1987, approximately two months before the instant offenses. Defendant was ultimately sentenced for the shotgun offense in April 1988, approximately two months after he committed the offenses at issue here.

At sentencing in this case, the people requested the court to make defendant's sentence consecutive to his sentence for the shotgun offense. The judge declined to do so, because he believed that the consecutive sentencing statute, MCL 768.7b; MSA 28.1030(2), applied only to persons who committed a subsequent offense while on bond for a pending offense.

We agree with the people that the trial court erred in failing to recognize that it had the discretion to impose a consecutive sentence. At the time the instant offenses were committed, MCL 768.7b; MSA 28.1030(2) authorized consecutive sentencing, at the discretion of the trial court, where a felony offense was committed "pending the disposition" of a prior felony charge. The statute did not require that the defendant be on bond for the prior offense when the subsequent offense took place. A case is "pending disposition" until the defendant is sentenced for the offense. See *People v Smith,* 423 Mich 427; 378 NW2d 384 (1985). A defendant who is on delayed sentencing status has not been sentenced within the meaning of the statute. See *People v Hacker,* 127 Mich App 796; 339 NW2d 645 (1983). The uttering and publishing offenses therefore were committed while the shotgun offense was pending disposition, and the consecutive sentencing statute applied.

Because the trial judge failed to recognize that he had the discretion to order the sentence in this case to run consecutively to defendant's existing sentence, we remand for a determination whether, in the court's discretion, defendant's sentences should be served consecutively.

Affirmed in part and remanded in part. We retain no further jurisdiction.