PEOPLE v BENESON

Docket No. 122889. Submitted September 6, 1991, at Lansing. Decided January 21, 1992, at 9:15 A.M.

Judy A. Beneson pleaded guilty in the Saginaw Circuit Court, Lynda L. Heathscott, J., of larceny from a person and of being an habitual offender, and was sentenced as an habitual offender to three to fifteen years' imprisonment. She appealed, claiming that a remand for resentencing is necessary because the sentence imposed was not proportionate to her offense and because the trial court failed to articulate reasons for the sentence.

The Court of Appeals *held:*

1. The sentence imposed was within the range recommended by the sentencing guidelines for the underlying offense and therefore was presumptively not excessively severe or unfairly disparate.

2. A remand for articulation of reasons for the habitual offender sentence is unnecessary given that the sentence was proportionate.

Affirmed.

MICHAEL J. KELLY, P.J., concurring, stated that the Supreme Court should reconsider its holding in *People v Triplett,* 432 Mich 568 (1989), concerning the necessity of a remand for articulation of reasons for a sentence that has been determined on appeal to be proportionate.

1. SENTENCES — HABITUAL OFFENDERS — SENTENCING GUIDELINES.

A sentence imposed upon conviction as an habitual offender is presumptively proportionate where the sentence is within the range recommended by the sentencing guidelines for the underlying conviction.

2. SENTENCES — HABITUAL OFFENDERS — SENTENCING GUIDELINES — ARTICULATION OF REASONS — APPEAL.

A remand for articulation of reasons for a sentence imposed upon

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.
See the Index to Annotations under Habitual Criminals and Subsequent Offenders.

conviction as an habitual offender is unnecessary where it is determined on appeal that the sentence is within the range recommended by the sentencing guidelines for the underlying conviction.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Laura A. Vargas,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Bleau,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and CAVANAGH, JJ.

DOCTOROFF, J. Defendant pleaded guilty of larceny from a person, MCL 750.357; MSA 28.589, and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was thereafter sentenced for the habitual offender conviction to three to fifteen years in prison. She appeals as of right, and we affirm.

The first issue raised on appeal is whether the sentence was disproportional to the crime and the criminal.

In this case, defendant was sentenced within the range recommended by the sentencing guidelines for the underlying offense. Sentences falling within the recommended guidelines' range are presumptively not excessively severe or unfairly disparate. *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991). Here, defendant argues that the "minor nature" of the offense justifies a lesser sentence and is sufficient to overcome the presumption of proportionality. We disagree and find that the proportionality standard set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), has been satisfied.

The second and final issue raised on appeal is whether the trial court erred in not articulating on the record its reasons for imposing defendant's

sentence as an habitual offender. Defendant urges that the trial court contravened *People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970), by failing to recognize that it could exercise its discretion in determining the maximum sentence for the habitual offender conviction. We believe *Mauch* is distinguishable because the trial court in this case never stated that it had no discretion in setting the maximum sentence. We also distinguish *People v Triplett,* 432 Mich 568; 442 NW2d 622 (1989), where the Supreme Court held that it was error for the trial court to fail to articulate its reasons for the minimum sentence imposed. Because the sentence was within the guidelines for the underlying offense, and the guidelines do not apply to habitual offender convictions, it would seem counterproductive and burdensome to require further articulation from the trial court for a sentence that is proportionate and that we have already affirmed. The defendant had four prior felonies and was out on bond from a neighboring circuit at the time of the present offense. To remand this matter would be a waste of resources.

Affirmed.

CAVANAGH, J., concurred.

MICHAEL J. KELLY, P.J. *(concurring).* I concur, but express hope that the Supreme Court will take this opportunity to revisit its holding in *People v Triplett,* 432 Mich 568; 442 NW2d 622 (1989). There is presently some difference of opinion with respect to the continuing necessity for remand when the reviewing court has determined on appeal that the sentence is proportionate. For example, the panel in a recent unpublished case remanded for articulation after affirming the convictions and finding the sentences to be within the guidelines.