· PEOPLE v LAWSON

Docket No. 131930. Submitted May 5, 1992, at Lansing. Decided July
20, 1992, at 9:00 A.M.

Leo Lawson pleaded guilty in the Recorder's Court for the City of
Detroit, John P. O'Brien, J., of possession with intent to deliver
less than fifty grams of cocaine. He was sentenced to four to
twenty years' imprisonment, a term falling at the low end of
the sentencing guidelines. He appealed, alleging that the court
failed to articulate properly the reasons for imposing the
· sentence. ·

The Court of Appeals *held:*

1. A trial court's express reliance on the sentencing guide-
lines in imposing a sentence within the range recommended by
the guidelines satisfies the articulation requirement of *People v
Coles,* 417 Mich 523 (1983).

2. The rationale of *People v Triplett,* 432 Mich 568 (1989),
that articulation is required so that the factors that the sen-
tencing court utilized to impose the sentence would be known
by the defendant, may be satisfied where the articulation is
provided by the context of remarks, preceding the imposition of
sentence. In this case, remarks by both the prosecutor and
defense counsel reflect an unambiguous understanding that the
guidelines would be the basis of the sentence.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — ARTICULATION OF REASONS.

A trial court's express reliance on the sentencing guidelines in
imposing a sentence within the range recommended by the
guidelines satisfies the requirement that the court articulate its
reasons for imposing the sentence; the requirement may be
satisfied where the articulation is provided by the context of
remarks preceding the imposition of sentence, e.g., where re-
marks by both the prosecutor and defense counsel reflect an
unambiguous understanding that the guidelines would be the
basis of the sentence.

REFERENCES

Am Jur 2d, Criminal Law §§ 535-539.
See the Index to Annotations under Criminal Law.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Kim D. Johnson,* for the defendant on appeal.

Before: TAYLOR, P.J., and MICHAEL J. KELLY and SHEPHERD, JJ.

TAYLOR, P.J. Defendant pleaded guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2) (a)(iv), and was sentenced to four to twenty years' imprisonment, to be served consecutively to a sentence imposed in another case. He now appeals as of right. We affirm. This case has been decided without oral argument pursuant to MCR 7.214(A).

Defendant does not assert that the sentence itself constitutes an abuse of discretion, but only that the trial court gave little or no explanation for the sentence imposed, and therefore failed to satisfy the articulation requirement. In this regard, defendant contends that an expanded articulation requirement is mandated by *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Despite defendant's argument to the contrary, a trial court's express reliance on the sentencing guidelines in imposing sentence continues to satisfy the articulation requirement of *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983). *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987); *In re Dana Jenkins,* 438 Mich 364, 376; 475 NW2d 279 (1991); *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991).

Defendant is correct in his assertion that the trial court did not explicitly rely on the sentencing

guidelines, or any other factors, in imposing sentence. It would appear, upon cursory review, that the lack of articulation by the court would require a remand for articulation under *People v Triplett,* 432 Mich 568, 573; 442 NW2d 622 (1989).

However, we find that remand is not required. The sentencing record reveals that the imposition of sentence was almost immediately preceded by the prosecutor's argument that defendant should be sentenced at the high end of the guidelines and defense counsel's argument that the sentence should fall either at the low end of the guidelines or below the guidelines. The trial court then said, "The sentence will be a sentence of four to twenty years," a term falling at the extreme low end of the guidelines. In the context of the preceding arguments of counsel, it is inescapably clear that the court was sentencing defendant under the guidelines even though the judge himself did not actually speak those words.

In *Triplett,* our Supreme Court said articulation is required so that the factors the sentencing court utilized to impose sentence would be known by the defendant. However, the mere expression by the court that the sentence was imposed pursuant to the guidelines suffices to satisfy that requirement. *In re Jenkins, supra; Dukes, supra.*

We hold today that the *Triplett* rationale may be satisfied where the articulation is provided by the context of the preceding remarks, e.g., where the remarks of both the prosecutor and defense counsel reflect an unambiguous understanding that the guidelines would be the basis of the sentence.

Further, this approach will maximize judicial resources. *People v Beneson,* 192 Mich App 469, 471; 481 NW2d 799 (1992).

Affirmed.