PEOPLE v KREGER

Docket No. 176221. Submitted September 12, 1995, at Lansing. De-
cided December 15, 1995, at 9:10 A.M.

Erik G. Kreger pleaded guilty in the Saginaw Circuit Court,
Lynda L. Heathscott, J., of unarmed robbery and was sentenced
to a prison term of six to fifteen years. The defendant appealed,
claiming sentencing errors.

The Court of Appeals *held:*

1. The trial court properly scored Offense Variable 2 as
twenty-five points on the basis that the victim had been sub-
jected to terrorism. Terrorism is defined in the sentencing
guidelines as "conduct that is designed to increase substantially
the fear and anxiety that the victim suffers during the offense."
The display by a codefendant of several bullets was designed to
increase the apprehension of the victims in an attempt to
coerce them into relinquishing the baseball cap that was the
subject of the robbery. Even if the victims did not feel terror-
ized by this act, the scoring of ov 2 as twenty-five points is
appropriate, because the conduct was designed to substantially
increase fear and anxiety. The fact that the Offense Variable 1
was scored on the basis of the use of an instrument fashioned
to appear to be a firearm did not preclude the scoring of ov 2
on the basis of terrorism as the result of the separate act of
displaying the bullets.

2. The defendant's assertion that the trial court erred as a
matter of law by imposing a minimum sentence that was triple
the guidelines minimum is supported neither in law nor fact.
The defendant cites no authority for the proposition that a
sentencing court's discretion is limited to the imposition of a
minimum sentence that is less than three times the lowest
minimum sentence of the sentencing range calculated under
the guidelines. Further, the seventy-two-month minimum sen-
tence that was imposed, while three times the twenty-four-
month lower end of the range calculated under the guidelines,

REFERENCES
Am Jur 2d, Criminal Law §§ 525, 598, 599.
See ALR Index under Sentence and Punishment.

is only twenty percent more than the sixty-month upper end of the range calculated under the guidelines.

3. The sentence imposed is not disproportionate to the seriousness of the crime and the defendant.

4. The trial court's articulation of the reasons for departing from the minimum sentence range calculated under the guidelines was sufficient under the circumstances. Although the trial court did not state specifically that it was departing from the range calculated under the guidelines, it is clear from the transcript of the sentencing hearing that the court was aware of that range. Accordingly, it would be a waste of judicial resources to remand the case for articulation by the court of the reasons for the departure.

Affirmed.

O'CONNELL, P.J., concurring in part and dissenting in part, stated that because articulation on the record of the reasons for a departure from the calculated minimum sentence range is mandatory and because it cannot be said unequivocally that the trial court was aware that the minimum sentence imposed was in excess of the minimum sentence range calculated after the adjustments made at the sentencing hearing, the case should be remanded to the trial court for articulation of the rationale for the sentence imposed. Greater than the waste of judicial resources resulting from the remanding of cases for further articulation of reasons for the departure is the waste of judicial resources occasioned by review by the Court of Appeals of sentencing questions concerning proportionality in the absence of the required articulation by the trial court.

1. SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 2 — TERRORISM.

Offense Variable 2 may be scored as twenty-five points on the basis of terrorism where the defendant engaged in conduct that is designed to increase substantially the fear and anxiety of the victim during the offense; such scoring is appropriate even where the victim, in fact, is not terrorized by the defendant's conduct.

2. SENTENCES — SENTENCING GUIDELINES — ARTICULATION ON THE RECORD.

It is a waste of judicial resources for the Court of Appeals to remand a case to the trial court for articulation on the record of the reason for the trial court's departure from the minimum sentence range calculated under the sentencing guidelines where the sentence imposed is proportionate and the record

indicates that the trial court was aware of the calculated minimum sentence range.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Catherine Langevin Semel,* Assistant Prosecuting Attorney, for the people.

*Denton & Gross* (by *Hayim I. Gross*), for the defendant.

Before: O'CONNELL, P.J., and MACKENZIE and J. K. NICHOLS,* JJ.

MACKENZIE, J. Defendant pleaded guilty of unarmed robbery, MCL 750.530; MSA 28.798, and was sentenced to six to fifteen years' imprisonment. He appeals as of right, raising several allegations of error pertaining to his sentencing. We affirm.

On July 17, 1993, the sixteen-year-old defendant and two friends robbed two other youths of a $5 baseball cap. Defendant and his friends approached the victims, identified themselves as members of the "Aces High" gang, and demanded the cap. The victims initially refused to relinquish possession. One of defendant's friends, Richard Matzke, threatened, "Why don't we just shoot [you] and take it from you?" A victim responded, "Well, I don't see a gun." At that point, Matzke pulled several bullets out of his pocket and stated, "I don't carry this [sic] for nothing." The same victim then stated, "I still don't see the gun." Defendant then produced what appeared to be a small handgun, at which time the victims relinquished the cap. The parties later stipulated that the "handgun" was actually a cigarette lighter

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fashioned to look like a gun. Defendant subsequently pleaded guilty of unarmed robbery.

Defendant brings four allegations of sentencing error. First, he contends that Offense Variable 2, physical attack or injury, was scored incorrectly. The sentencing court scored ov 2 as twenty-five points, finding that the victim had been "subjected to terrorism." "Terrorism" is defined in the guidelines to be "conduct that is designed to increase substantially the fear and anxiety that the victim suffers during the offense." Michigan Sentencing Guidelines (2d ed), p 99. This Court has held that scoring done pursuant to the sentencing guidelines for which there is any supporting evidence will be upheld on appeal. *People v Watkins,* 209 Mich App 1, 5; 530 NW2d 111 (1995).

In the instant case, we believe that Matzke's display of the bullets, which action is properly imputed to defendant as a participant in the crime, was designed to increase the apprehension of the victims in an attempt to coerce them into relinquishing the cap. Therefore, because evidence supports the sentencing court's scoring, we uphold it. *Id.* While defendant argues that the victims were not "terrorized," ov 2 is properly scored as twenty-five where conduct *designed* to substantially increase fear and anxiety exists. It does not appear necessary that the victim actually be terror-stricken. Further, we reject defendant's argument that the apparent use of a firearm, which was reflected in the scoring of Offense Variable 1, aggravated use of an instrument fashioned to appear to be a firearm, somehow encompasses the display of the bullets. Defendants and his friends first threatened the victim with bullets, and then increased the threat by brandishing the cigarette lighter fashioned in the shape of a gun. These distinct actions were properly reflected in the scor-

ing of the distinct offense variables of ov 1 and ov 2.

Defendant argues that the trial court erred as a matter of law in "tripling the guidelines minimum." Defendant is incorrect. First, the putative authority advanced by defendant in support of his assertion does not stand for this proposition, and we are aware of no rule of law limiting a sentencing court's discretion to the imposition of a minimum sentence that is no more than three times the minimum sentence calculated pursuant to the sentencing guidelines. Rather, as recently stated by our Supreme Court, a sentence may depart from or adhere to the recommended guidelines range as long as it "reflects the seriousness of the matter." *People v Houston,* 448 Mich 312, 320; 532 NW2d 508 (1995). Additionally, and contrary to defendant's implication, the guidelines recommended a minimum sentence within the range of twenty-four to sixty months' imprisonment, meaning that the seventy-two-month minimum sentence imposed exceeded the range calculated under the guidelines by only twenty percent. Therefore, even were sentencing courts forbidden to impose a minimum sentence that is three times as severe as the highest sentence recommended under the guidelines, the sentencing court in the present case did not impose such a sentence.

Defendant also challenges the proportionality of the sentence imposed. A sentence must be proportionate to both the seriousness of the crime and the defendant who committed it. *People v Milbourn,* 435 Mich 630, 635-636; 461 NW2d 1 (1990). In the present case, the minor defendant admitted to the daily illegal use of marijuana and the daily consumption of between 80 and 120 ounces of malt liquor. See *People v Fleming,* 428 Mich 408, 417-418; 410 NW2d 266 (1987). Defendant had a fairly

significant juvenile record. See *People v Smith,* 437 Mich 293, 304; 470 NW2d 70 (1991). Further, he had armed robbery and felony-firearm charges pending in another county, see *People v Coulter (After Remand),* 205 Mich App 453, 456; 517 NW2d 827 (1994), and the sentencing court ascertained that the pending charges involved the alleged use of a real firearm. Therefore, considering the objectives of imposing sentence, see *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), we. do not find the sentence imposed to be disproportionate and, accordingly, find no abuse of discretion.

Defendant next argues that he should be resentenced because the trial court failed to state reasons for departing from the sentencing guidelines' recommended range. We disagree. The trial court's articulation of the reasons for departing from the guidelines was sufficient under the circumstances.

In *Fleming, supra,* our Supreme Court directed that trial courts must place their reasons for departure from the sentencing guidelines on the record at the time of sentencing. Our review of the sentencing transcript convinces us that the court was aware of the sentencing guidelines' range. The failure to specifically say the magic words "I am departing from the sentencing guidelines' recommendation" constitutes harmless error. It is worthwhile to note that the Supreme Court in *Fleming* stated that the reason for this articulation requirement was to evaluate the effectiveness of the guidelines in rectifying the problems associated with excessively severe or lenient sentences and disparate sentences for similar defendants who have committed similar crimes. The articulation requirement was not put in place to protect a defendant's rights, but to aid the courts in fine-tuning the sentencing guidelines. *Fleming, supra,*

p 428. Where the Court of Appeals panel holds that defendant's sentence is proportionate pursuant to *People v Milbourn, supra,* and *People v Houston, supra,* and where the record indicates the trial court was aware of the guidelines at sentencing, it would be a waste of judicial resources to remand the case to the circuit court for articulation of the reasons for departure.

Affirmed.

J. K. NICHOLS, J., concurred.

O'CONNELL, P.J. *(concurring in part and dissenting in part).* I concur with the majority except with respect to its resolution of the final issue. It has long been the rule in Michigan that

> [a] sentencing court must articulate on the record its reasons for the sentence imposed. *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987); *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983). Where a sentencing court departs from the guidelines range, it must articulate its reasons both on the record at sentencing and on the sentencing information report. *Fleming, supra.* [*People v Johnson,* 187 Mich App 621, 630; 468 NW2d 307 (1991).]

This rule has been followed in a myriad of this Court's opinions. See, e.g., *People v Barclay,* 208 Mich App 670, 676-677; 528 NW2d 842 (1995); *People v Reyna,* 184 Mich App 626, 634; 459 NW2d 75 (1990).

This is a bright line rule. As plainly stated in the prior opinions of this Court and of our Supreme Court, a sentencing court's failure to articulate its reasons for departure requires the appellate court to remand the matter for articulation. Because, in the present case, the sentencing court

not only failed to state any reason for departing from the guidelines but also failed even to acknowledge that it was imposing a departure sentence, remand is required.

The majority concludes that failing to say the magic words "I am departing from the sentencing guidelines" is harmless error. Whether it is or is not harmless error is not the issue in this case. However, I would note that the Supreme Court in *Fleming, supra,* specifically stated that failing to state the reasons for departure on both the sentencing information report and the record is reason for remand. The majority opinion appears to contradict this edict. See *Boyd v W G Wade Shows,* 443 Mich 515, 523; 505 NW2d 544 (1993).

The majority, by stating in conclusory fashion that "[t]he trial court's articulation of the reasons for departing from the guidelines was sufficient under the circumstances," *ante,* p 554, implies that the sentencing court articulated various reasons for imposing a departure sentence and then simply failed to state that the sentence was a departure sentence. However, this is not what happened.

Contrary to what is suggested by the majority opinion, there is nothing in the record to indicate that the experienced trial court was aware that it was imposing a departure sentence. In fact, after numerous adjustments to the sentencing information report resulting in a lowering of the guidelines sentence range, the court imposed a sentence at the upper limit of the *uncorrected* guidelines range, a sentence that exceeded the corrected guidelines range. Even the prosecution, whose integrity is to be commended, in its brief on appeal states:

Nevertheless, given the last-minute changes that

took place in the guidelines scoring—and the fact
that the People, at least, have no written record of
the court's reasons for departure—the People con-
cede that it is possible that [the sentencing judge]
did not realize that her sentence exceeded the
guidelines.

In short, it appears that the sentencing court
intended to sentence defendant at the top of the
original guidelines range. Because articulation in
the strict sense of the word is not required where
one sentences a defendant within the guidelines
range, the court's failure to set forth its reason for
imposing the particular sentence would not have
been improper. *People v Lawson,* 195 Mich App
76, 78; 489 NW2d 147 (1992). Unfortunately, fol-
lowing the correction of the sentencing informa-
tion report, the court imposed the sentence it
would have imposed had the guidelines range not
been altered. This resulted in the imposition of a
departure sentence, one apparently imposed un-
knowingly by the sentencing court.

However, and this goes to the heart of my
dissent, because there exists no articulation, we
have no way of knowing if what is adduced above
is, in fact, what happened. The defendant simply
requests that the trial court reveal whether the
sentence imposed was meant to be within the
guidelines range or whether it was intended to be
a departure sentence and, if so, the court's reasons
for departing from the guidelines. The lower court
record provides no insight with regard to this
issue. I believe the defendant's request is not an
unreasonable one. If the articulation requirement
of *Fleming* is to enjoy any continuing vitality, see
*Boyd, supra,* remand is required in the present
case.

The majority states, however, that to remand

would result in a waste of judicial resources because this Court has already determined the departure sentence imposed to be proportionate. I do not disagree with the majority's conclusion. However, I would clarify that the waste of judicial resources does not stem from adherence to the articulation requirement, but from this Court's practice of reviewing the proportionality of sentences that depart from the guidelines' recommendation[1] where there exists no articulation of the reasons for imposing the particular sentences.

We review the proportionality of sentences under the abuse of discretion standard. *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990). Necessarily, our duty is to consider whether the sentencing court abused its discretion. *Id.* However, where the sentencing court fails to articulate on the record and the sentencing information report its reasons for imposing a departure sentence, it is difficult to "review" the actions of the court to ascertain whether it did, in fact, abuse its discretion.

Where the sentencing court fails to articulate its reasons for imposing a departure sentence, we are left to assumptions and inferences from which to decide whether the court committed an abuse of discretion. In other words, we review what we believe the sentencing court would have said had it articulated its reasons for imposing a departure sentence. It is difficult to term this "subjective assessment of [allegedly] excessive punishment," *Milbourn, supra,* p 699 (BOYLE, J., dissenting), a review under the abuse of discretion standard; it is much closer to review de novo.

---

[1] Justice BOYLE maintains that all review of statutorily valid sentences is unjustified. *People v Milbourn*, 435 Mich 630, 680-684; 461 NW2d 1 (1990) (BOYLE, J., dissenting); *People v Cervantes*, 448 Mich 620, 637-638; 532 NW2d 831 (1995) (BOYLE, J., dissenting).

Nevertheless, this Court regularly conducts such reviews—determining a sentence to be proportional and then remanding because of a lack of articulation. See, e.g., *People v White,* 208 Mich App 126, 135-136; 527 NW2d 34 (1994). Given that this is a common practice in this Court that has met with no Supreme Court disapprobation, such review will continue. With respect to the present case, after reviewing the record and supplying a rationale not specifically articulated by the sentencing court—defendant's admitted but uncharged illegal activities, his juvenile record, the pending charges against him—I agree that the sentence imposed is proportional.

I would remand under the procedures set forth in *People v Triplett,* 432 Mich 568, 573; 442 NW2d 622 (1989), to allow the circuit court to articulate its rationale for the sentence imposed. *White, supra.* I would not retain jurisdiction.