PEOPLE *v.* DIMITRU.

1. CRIMINAL LAW—CODEFENDANT GRANTED SEPARATE TRIAL MAY NOT BE TRIED JOINTLY.

  Where the presiding judge of the recorder's court of the city of Detroit granted defendant, jointly charged with others with a criminal offense, a separate trial, "upon good cause shown" (3 Comp. Laws 1915, § 15829), and the first trial resulted in a disagreement, the trial judge was in error, in compelling him, on the second trial, to be tried jointly.

2. SAME—SAVING QUESTION FOR REVIEW.

  Where a codefendant made no objection to being tried jointly, and was not granted a separate trial, the question of his right to a separate trial was not saved for review in this court.

Error to recorder's court of Detroit; Faust (John), J. Submitted October 12, 1923. (Docket No. 134.) Decided October 26, 1923.

George Dimitru and Dan Ruian were convicted of conspiracy to cheat and defraud, and sentenced to imprisonment for not more than 2 nor less than 1 year in the Detroit house of correction. Affirmed as to defendant Dimitru and reversed as to defendant Ruian.

*A. H. Lindley,* for appellant Dimitru.

*James I. Ellmann,* for appellant Ruian.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *W. McKay Skillman,* Assistant Prosecuting Attorney, for the people.

WIEST, C. J. An information was filed in the recorder's court for the city of Detroit, against George

Dimitru, Dan Ruian and Mike and Anna Synod, charging them with the common-law offense of conspiracy to cheat and defraud.    They were arraigned before the presiding judge and entered pleas of not guilty.    Dan Ruian moved the court to grant him a separate trial and, by order of the presiding judge, his request was granted January 5, 1923, and the case assigned to an associate judge for trial.    He was accorded a separate trial, which resulted in a disagreement of the jury on January 10, 1923.    January 17, 1923, defendant Ruian, against his protest and notwithstanding his appeal to the order of the presiding judge severing his trial, was placed on trial jointly with the other defendants and convicted along with Dimitru, and sentenced.    Mike and Anna Synod were found not guilty.

By writ of error he seeks vindication of his right to the separate trial granted him by the presiding judge and refused him by the trial judge.    In granting defendant Ruian a separate trial the presiding judge recited that it was "upon proper cause shown." We are not informed of the nature of the showing so made, but we have before us the reasons given by the trial judge for declining to allow him a separate trial.    We quote from the record:

"*The Court:* Then I take it the sole question is whether or not this is a misdemeanor—whether or not it is a high misdemeanor, or whether this offense is a felony.    I agree with you that if this offense is a felony, then the defendants are entitled to a separate trial, but if not, then it is discretionary with the court.

"*Mr. Look:* In reply, I might say that your honor is governed by the act of the presiding judge, that the act of one judge of this court is the act of your honor. The presiding judge, to whom demand was made for a separate trial, granted it, which was filed and so ordered, and that it was too late when my brother

raised the question, when we took up the matter of separate trial of Mr. Ruian before.

"*The Court:* Because the jury had been drawn and sworn.

"*Mr. Look:* Too late at that time for the reason that it had previously been granted.    And, your honor, I insist that this court is concluded by its ruling, and besides, we are entitled to it under the statute.

"*The Court:* You may have an exception to my ruling, if you want to.    I am going to hold that this is not a felony, but that this is a high misdemeanor, what might be classed as a high misdemeanor.    It is an offense between that of misdemeanor and felony, and it being within the discretion of the trial judge, as to whether or not the defendant, or any of the defendants have a separate trial, it being discretionary purely, these defendants being charged with conspiracy to defraud, the most expeditious way in which this case may be presented to the jury, is to have all the facts before the jury; so your request at this time for a separate trial for Dan Ruian will be denied. They will all be tried together.

"*Mr. Look:* Then your honor will vacate the order made by Judge Cotter?

"*The Court:* I do not believe I will vacate that order.    The jury disagreed in that last trial; this is a new trial, an entirely separate matter.

"*Mr. Look:* Very well.    Mr. Reporter, will you kindly note my exception and the protest of the defendant, Dan Ruian, to the rulings of the court."

Under the statute (3 Comp. Laws 1915, § 15829) and the charge laid in the information, defendant was not entitled to demand as of right a separate trial, but was permitted to apply for such a trial and have the same if the court granted it.    A separate trial was granted.    Has defendant had a separate trial? No, he had a mistrial, which, in the eye of the law, was no trial at all.

The record discloses that in the face of the order granting a separate trial he has been tried jointly, against his protest, with the others charged.    Having

granted defendant severance of his trial from that of the other defendants, could the court thereafter, with such order outstanding, compel him to submit to a joint trial? The order of the presiding judge was valid, severed defendant's trial from that of the others and was in full force at the time of the trial. His rights thereunder were ignored when his appeal thereto was rejected by the trial judge.

The idea of severance did not originate as a favor to the accused but rather to expedite trials. In course of time, however, the right of severance has come to be looked upon as valuable to an accused and this view has resulted in statutes declaratory of such right in cases of felony and the method of obtaining the same in all other cases. The trial judge entertained the opinion that the charge being a misdemeanor it rested in the discretion of the court to grant or refuse a separate trial. In this he was right, but he was in error in overlooking the fact that such discretion of the court had been exercised by the presiding judge. The defendant was not required to renew his motion for a separate trial so long as a valid order stood granting him such a trial.

The recorder's court for the city of Detroit, in the trial of criminal cases, is governed by the statutes of the State, and orders in a case made by one judge thereof, in respect to a matter properly before him, govern the case before the judge making such order and all other judges of the court. The presiding judge, having granted defendant Ruian severance of his trial from that of the other defendants, the trial judge could not thereafter, against the protest of defendant, compel him to submit to a joint trial. Defendant Ruian has not had the trial accorded him by virtue of the statute and the order of the presiding judge and it was reversible error to compel him to submit to a joint trial. For this error the conviction

is set aside and a new trial granted the defendant Dan Ruian.

George Dimitru was not granted a separate trial. The granting of a separate trial to Dan Ruian left Dimitru and Mike and Anna Synod to be tried jointly. The record discloses no objection by defendant to being tried jointly with Ruian and the others charged and, therefore, the errors assigned in his behalf lack foundation. It was not enough for his counsel to state to the trial judge that he expected Dan Ruian to be tried first. He should have entered an objection to a joint trial if he cared to save the point now urged.

We find no such objection and his conviction must be, and is, affirmed.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.