PEOPLE v WATKINS

PEOPLE v PHILLIPS

Docket Nos. 158010, 158821. Submitted January 12, 1995, at Detroit. Decided February 21, 1995, at 9:55 A.M.

Donald Watkins, Christian Phillips, and others were convicted by a jury following a joint trial in the Detroit Recorder's Court, Michael J. Talbot, J., of first-degree murder, assault with intent to commit murder, kidnapping, and possession of a firearm during the commission of a felony. They appealed and the Court of Appeals, DANHOF, C.J., and WAHLS and GRIFFIN, JJ., consolidated the appeals and affirmed. 178 Mich App 439 (1989). The Supreme Court reversed the convictions of Watkins, Phillips, and another defendant and remanded the matter to the trial court for retrial. 438 Mich 627 (1991). After a retrial, a jury convicted Watkins of first-degree murder, assault with intent to murder, kidnapping, and felony-firearm, and the court, Richard L. Cunningham, J., sentenced him to life imprisonment without parole, 50 to 80 years, life, and 2 years for the respective convictions. After a retrial, a jury convicted Phillips of second-degree murder, assault with intent to commit murder, kidnapping, and felony-firearm, and the court, Richard L. Cunningham, J., sentenced him to prison for 75 to 150 years, 50 to 100 years, 30 to 60 years, and 2 years for the respective convictions. Watkins and Phillips appealed. The Court of Appeals consolidated the appeals.

The Court of Appeals *held:*

1. The trial court's determination that the prosecution had shown due diligence in attempting to locate and produce a certain res gestae witness was not clearly erroneous and is well supported by the record. The court properly determined that the witness was unavailable pursuant to MRE 804(a)(5).

2. Watkins failed to preserve for appeal any objection to the jury instructions regarding kidnapping by failing to object to

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599; Evidence §§ 915, 916.

Sufficiency of efforts to procure missing witness' attendance to justify admission of his former testimony—state cases. 3 ALR4th 87.

the instructions in the trial court. The prosecution's pursuit of a forcible confinement theory in the first trial and a secret confinement theory in the second trial was not error, did not cause manifest injustice, and did not violate the prohibition regarding double jeopardy.

3. The trial court did not abuse its discretion in departing from the sentencing guidelines in sentencing Watkins for the assault conviction.

4. Phillips' claim that Offense Variable 3 was scored erroneously is without merit. The court, at Phillips' sentencing, properly considered the confessions of two codefendants, which clearly established a plot to kill, as evidence of premeditation, even though the evidence was inadmissible at trial.

5. Phillips' sentences for murder, assault, and kidnapping were proportionate and are justified by the facts of the case.

Affirmed.

1. Criminal Law — Res Gestae Witnesses — Appeal.

The test applicable to the determination whether the prosecution has shown due diligence in attempting to locate and produce a res gestae witness is whether good-faith efforts were made to procure the testimony of the witness, not whether increased efforts would have produced it; the trial court's factual determination in this regard will not be reversed on appeal absent clear error.

2. Criminal Law — Sentences — Sentencing Guidelines.

A sentencing court may support its scoring decision regarding an offense variable in the Sentencing Guidelines pertaining to premeditation by referring to the confessions of the defendant's codefendants that clearly establish premeditation even though the confessions were not admissible at the trial.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky* and *Paul A. Bernier,* Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for Donald Watkins.

*Mueckenheim & Mueckenheim, P.C.* (by *Mercedes D. Mueckenheim*), for Christian Phillips.

Before: Connor, P.J., and Wahls and Saad, JJ.

Connor, P.J. After a retrial, a jury convicted defendant Donald Watkins of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to commit murder, MCL 750.83; MSA 28.278, kidnapping, MCL 750.349; MSA 28.581, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to life imprisonment without parole, 50 to 80 years, life, and 2 years for the respective convictions. After a retrial, a jury convicted defendant Christian Phillips of second-degree murder, MCL 750.317; MSA 28.549, assault with intent to commit murder, MCL 750.83; MSA 28.278, kidnapping, MCL 750.349; MSA 28.581, and felony-firearm, MCL 750.227b; MSA 28.424(2). The sentencing guidelines provided for a minimum sentence of 15 to 30 years or life for the murder conviction, 10 to 25 years or life for the assault conviction, and 10 to 25 years for the kidnapping conviction. The trial court sentenced defendant Phillips to prison for 75 to 150 years for the murder conviction, 50 to 100 years for the assault conviction, 30 to 60 years for the kidnapping conviction, and 2 years for the felony-firearm conviction.

This case was originally tried in 1987, and resulted in both defendants being convicted of first-degree murder, assault with intent to commit murder, kidnapping, and felony-firearm. Defendants appealed and their appeals were consolidated by the Court of Appeals, which affirmed the defendants' convictions. 178 Mich App 439; 444 NW2d 201 (1989). The Supreme Court reversed the defendants' convictions and remanded the matter to the trial court for retrial. 438 Mich 627; 475 NW2d 727 (1991). After a retrial, defendants again appeal as of right from their convictions and sentences. The Court of Appeals consolidated the appeals. We affirm.

We find that the trial court's determination that the prosecution had shown due diligence in attempting to locate and produce res gestae witness Bernard Payne was not clearly erroneous and is well supported by the record. *People v Lawton,* 196 Mich App 341, 348; 492 NW2d 810 (1992). The test for due diligence is whether good-faith efforts were made to procure the testimony of the witness, not whether increased efforts would have produced it. *People v James (After Remand),* 192 Mich App 568, 571; 481 NW2d 715 (1992). Contrary to defendants' claims, *People v Dye,* 431 Mich 58; 427 NW2d 501 (1988), is distinguishable from the instant case. The first *Dye* trial ended in a mistrial, so the prosecution immediately knew that a retrial would occur. *Id.* at 61. In the case at bar, four years passed between the first trial and the reversal of the convictions. According to the record, efforts to locate Payne began at least a month before the retrial and were exhaustive. In addition, the record does not indicate that there was a problem producing Payne for the first trial. As such, the trial court properly concluded that Payne was "unavailable" pursuant to MRE 804(a)(5) and that the prosecution was duly diligent in attempting to secure his presence at the retrial.

Next, we find that the change of the prosecution's theory of the case from forcible confinement to secret confinement between the first and second trials does not require the reversal of defendant Watkins' conviction of kidnapping. Defendant Watkins has failed to preserve this issue, because he did not raise an objection below to the jury instructions regarding kidnapping. *People v Van Dorsten,* 441 Mich 540, 545; 494 NW2d 737 (1993). At any rate, the prosecutor is free to pursue an alternative theory encompassed by the kidnapping statute on retrial. *People v Bergevin,* 406 Mich 307, 311; 279 NW2d 528 (1979); and see *People v Bowman,* 36 Mich App 502, 509; 194 NW2d 36

(1971), and *People v Dimitru,* 224 Mich 670; 195
NW 420 (1923). Contrary to defendant Watkins'
apparent argument, the alternative theories con-
tained in MCL 750.349; MSA 28.581 are not lesser
included offenses. The kidnapping statute encom-
passes alternative theories, but gives rise to "only
one criminal charge for purposes of trial, convic-
tion, and sentencing." *Bergevin, supra,* 312. Ac-
cordingly, instructing the jury regarding the secret
confinement theory in the second trial did not
cause manifest injustice, and defendant Watkins'
double jeopardy claim is without merit.

We also find defendant Watkins is not entitled
to resentencing with regard to the conviction of
assault with intent to commit murder. The trial
court did not abuse its discretion in departing
from the guidelines when sentencing defendant
Watkins following the second trial. The court ar-
ticulated specific reasons for its upward departure.
In addition, the trial court's increased sentence
was justified by new information. Specifically, the
trial court noted that since his incarceration after
the first trial, defendant Watkins had received
fourteen misconduct tickets. Furthermore, our af-
firmance of defendant Watkins' first-degree mur-
der conviction, with its mandatory life sentence,
effectively nullifies the significance of any sen-
tences for the companion convictions. *People v
Passeno,* 195 Mich App 91, 102; 489 NW2d 152
(1992).

We find defendant Phillips' claim that Offense
Variable 3, premeditation, was erroneously scored
to be without merit. Sentencing guidelines scoring
decisions for which there is any supporting evi-
dence will be upheld on appeal. *People v Hernan-
dez,* 443 Mich 1, 16; 503 NW2d 629 (1993). The
trial court supported its scoring of ov 3 by refer-
ring to the confessions of two codefendants, which
clearly established a plot to kill. The trial court

properly considered this evidence of premeditation at sentencing, even though it was inadmissible at trial. *People v Fleming,* 428 Mich 408, 418; 410 NW2d 266 (1987), and *People v King,* 158 Mich App 672, 679; 405 NW2d 116 (1987).

Finally, we find defendant Phillips' sentences for the murder, assault, and kidnapping convictions do not violate the proportionality requirement of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We acknowledge that the trial court's upward departures are extensive. However, we believe the sentences are justified by the facts. Departures are appropriate where the guidelines do not adequately account for factors that legitimately can be considered at sentencing. *People v Witcher,* 192 Mich App 307, 309; 480 NW2d 636 (1991). Defendant Phillips displayed particular viciousness and a total disregard for public safety in the commission of the crimes. Not only did he participate in what was to be the callous execution of a suspected rival drug dealer, but the assassins were apparently indifferent to the fact that the automobile they ambushed was occupied by a passenger who would ultimately die in the fusillade. *People v Merriweather,* 447 Mich 799; 527 NW2d 460 (1994). The sentences may serve to deter other drug dealers from murdering individuals suspected of encroaching on their drug territory. Moreover, defendant Phillips has a deplorable prison record, including numerous misconduct violations he received while awaiting retrial. In light of the serious nature of the crimes and defendant Phillips' background, the sentences imposed were proportionate.

Affirmed.