**Donald WATKINS, Petitioner–Appellant,**

v.

**Dennis STRAUB, Warden, Respondent–Appellee.**

No. 02–1525.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2004.

C. Mark Pickrell, Nashville, TN, Donald Watkins, pro se, Kincheloe, MI, for Petitioner–Appellant.

Jeffrey W. Caminsky, County of Wayne Prosecutor's Office, Detroit, MI, for Respondent–Appellee.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

---

* The Honorable Danny C. Reeves. United States District Judge for the Eastern District of Kentucky, sitting by designation.

## OPINION

GILMAN, Circuit Judge.

Donald Watkins, a Michigan prisoner, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Watkins was convicted by a state-court jury in July of 1992 of first-degree murder and other offenses. The district court denied both his petition and his application for a certificate of appealability. A prior panel of this court granted a certificate of appealability as to the single issue of whether the claims raised in Watkins's habeas petition were procedurally defaulted. For the reasons set forth below, we **VACATE** the judgment of the district court and **REMAND** with instructions directing the state to comply with Rule 5 of the Rules Governing § 2254 Cases and, if determined necessary by the district court, with Rule 6 thereof.

## I. BACKGROUND

A Michigan jury convicted Watkins of first-degree murder, assault with intent to commit murder, kidnapping, and possession of a firearm during the commission of a felony. *Michigan v. Watkins*, 209 Mich. App. 1, 530 N.W.2d 111, 113 (1995). The trial court sentenced him to life imprisonment without parole. After his conviction and sentencing. Watkins appealed to the Michigan Court of Appeals, contending that the trial court erred by (1) admitting the prior-recorded testimony of an unavailable prosecution witness. (2) allowing the prosecution to change its kidnapping theory from forcible confinement to secret confinement between the first and second trials, and (3) departing from the state's sentencing guidelines. The Michigan Court of Appeals affirmed his convictions

and sentences in February of 1995. *Watkins*, 530 N.W.2d at 114. In October of 1995. the Michigan Supreme Court denied Watkins's petition for leave to appeal.

The history of Watkins's post-conviction proceedings is not fully documented in either the record or the briefs on appeal. According to the state. Watkins filed three motions for relief from judgment in the Michigan trial court, all of which were denied between November 26, 1996 and August 14, 1997. Significantly, *none* of Watkins's post-conviction motions appear in either the joint appendix or in the record.

Watkins appealed the denials of his motions to the Michigan Court of Appeals. In a one-sentence order, that court denied Watkins leave to appeal "for failure to establish grounds for relief from judgment pursuant to MCR 6.508(D) and for lack of merit in the grounds presented." The Michigan Supreme Court denied Watkins's request for leave to appeal the Court of Appeals's order. concluding that Watkins had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

On June 20, 2000, Watkins petitioned the district court for a writ of habeas corpus. Watkins argued that his appellate counsel provided ineffective assistance because he (1) "failed to raise substantial and meritorious issues during petitioner's appeal as of right" and (2) "failed to raise ineffective assistance of trial counsel on appeal as of right for trial counsel's failure to investigate and present two substantial documents, and present a substantial defense during petitioner's trial." According to Watkins. one of these documents was an autopsy report suggesting that the victim was killed with a .38–caliber bullet. This evidence was potentially helpful to Watkins's case because it would have contradicted the prosecution's theory that the victim was killed with a 9–mm bullet. The other document was a statement allegedly withheld by the prosecutor "that would have negated the prosecution's theory of secret confinement." In its answer to Watkins's petition for a writ of habeas corpus, the state of Michigan urged the district court to deny the petition.

A Report and Recommendation (R & R) to deny Watkins's habeas petition was issued by the magistrate judge in May of 2001. The district court adopted the R & R in December of 2001, over Watkins's objection, and denied Watkins's application for a certificate of appealability. Watkins appealed to this court, which granted a certificate of appealability on the sole issue of whether the claims raised in his habeas petition were procedurally defaulted.

## II. ANALYSIS

Although this court granted a certificate of appealability on the subject of whether Watkins's federal habeas claims were procedurally defaulted in state court, he argues that we cannot reach that issue because the record is incomplete. According to Watkins, the materials necessary for a proper determination of the state's claim of procedural default—specifically, the briefs from his direct appeal and his post-conviction motions—are not in the record because the state failed to comply with Rule 5 of the Rules Governing § 2254 Cases. Rule 5 provides that the answer to a petition for a writ of habeas corpus

> shall respond to the allegations of the petition. In addition it shall state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding.

The answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available or procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the respondent with the answer.

A letter in the record from the Wayne County prosecutor's office to the office of the Michigan Attorney General shows that the state understood its responsibilities under Rule 5. The letter, addressed to the assistant attorney general in charge of the habeas corpus division, noted that "[a]s it is the responsibility of your office to file the Rule 5 transcripts of the state court proceedings in this action, I trust that you have done so. If not, it will be necessary to do so at the earliest possible opportunity." Watkins also specifically asked the state to comply with Rule 5 in his reply to the state's answer, noting that "all records should be obtained through the Attorney General's Office through Rule 5 Materials and submitted to this court by respondents." Despite the state's awareness of Rule 5's requirements and Watkins's specific request, the state failed to file the required materials with the district court.

Watkins contends that because the state failed to include the required materials with its answer, the magistrate judge and the district court applied the procedural-default doctrine without an adequate factual record. According to Watkins, "[i]n the absence of these documents, it is impossible, frankly, to argue the issues surrounding the asserted procedural default in this case."

The state admits that it has no record of the claims that Watkins made in his motions for post-conviction relief, but contends that

> the only practical effect of [the] absence of these records has already enured to Petitioner's benefit: namely, since the prosecution could not establish precisely what Petitioner had raised in previous motions for relief from judgment under MCR 6.500 *et seq.* it could not seek the benefits of the procedural bar contained in MCR 6.508(D)(2)—except insofar as it related to Petitioner's appeal of right, for which records were still available.

We disagree. Procedural default is the very basis upon which the district court denied Watkins habeas relief, so Watkins obviously did not receive any benefit from the lack of documentation. The actions taken by the state and the district court thus directly contradict the state's argument.

The detriment to Watkins from this incomplete record is consistent with the advisory committee notes to Rule 5, which point out that the state's answer plays an important role in habeas proceedings because, among other things, it allows "the court and the parties to uncover quickly the disputed issues." In this case, the state's failure to file a complete answer leaves us guessing as to the disputed issues that Watkins raised in state court. We therefore agree with Watkins that, without the relevant information, we can-

not make a meaningful determination as to whether his habeas claims are procedurally defaulted. Watkins also points out that Rule 6 of the Rules Governing § 2254 Cases is available as a vehicle for supplementing the record. Rule 6 allows for discovery by a habeas petitioner, at the discretion of the district court.

## III. CONCLUSION

For all of the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** the case with instructions directing the state to comply with Rule 5 of the Rules Governing § 2254 Cases and, if determined necessary by the district court, with Rule 6 thereof.