*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 25, 2021

Plaintiff-Appellee,

v

No. 344242
Wayne Circuit Court
LC No. 11-012637-01-FC

ANTONIO JACKSON,

Defendant-Appellant.

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

SERVITTO, J. (*concurring in part, dissenting in part*)

While I agree with the majority's conclusion that the trial court properly scored offense variable (OV) 2, I respectfully disagree with its conclusion that the trial court also properly scored OV 1.

Our Supreme Court has made clear that when a defendant is acquitted of a given crime, it violates due process to sentence the defendant as if he committed that crime. In *People v Beck*, 504 Mich 605, 610; 939 NW2d 213 (2019), the defendant was convicted by jury of being a felon in possession of a firearm (felon-in-possession) and carrying a firearm during the commission of a felony (felony-firearm). He was acquitted of open murder, carrying a firearm with unlawful intent, and two additional counts of felony-firearm attendant to those charges. *Id*. While the defendant's guidelines range was 22 to 76 months, the court imposed a sentence of 240 to 400 months, explaining that it found by a preponderance of the evidence that the defendant committed the murder of which the jury acquitted him. *Id*. The *Beck* Court noted that due process not only encompasses the requirement that the state prove the charges beyond a reasonable doubt, but also the presumption of innocence and the requirement of notice. *Id*. at 620-621. Our Supreme Court thereafter determined that:

> . . . when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is

> fundamentally inconsistent with the presumption of innocence itself. [*Id*. at 626-627 (quotation marks omitted)]

In making its determination, the trial court acknowledged that uncharged conduct presents a different consideration and that "no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that [uncharged] conduct using a preponderance-of-the-evidence standard. *Id*. at 626. However, "conduct that is protected by the presumption of innocence may not be evaluated using the preponderance-of-the-evidence standard without violating due process."[1] *Id*. at 627.

Here, a jury convicted Jackson of first-degree home invasion, and first-degree criminal sexual conduct, but acquitted him of possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. The prosecution based its charge of first-degree criminal sexual conduct on "multiple variables" of sexual penetration, specifically that which occurred "during the commission of the felony of Home Invasion 1st Degree *or* [while] defendant was armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon." (emphasis added). The verdict form provided to the jury did not have an option to specify under which of the two bases it found defendant guilty of first-degree criminal sexual conduct.

A conviction for first degree home invasion allows for the conviction if a defendant breaks and enters a dwelling or enters a dwelling without permission and "with intent to commit a felony, larceny, or assault in the dwelling" if either the defendant is armed with a dangerous weapon or if another person is lawfully present in the dwelling. MCL 750.110a(2). In my opinion, because the jury acquitted defendant of the only two charges that *require* the possession/use of a weapon, it can be inferred that it convicted defendant of first-degree criminal sexual conduct based on his doing so "during the commission of the felony of Home Invasion 1st Degree" and convicted him of first-degree home invasion based on his entering the home without permission, with the intent to commit the felony of first-degree criminal sexual conduct "while another person [was] lawfully present in the dwelling."[2]

That the judicial sentencing guidelines apply to defendant's convictions due to the date they occurred (*People v Reynolds*, 240 Mich App 250, 253-254; 611 NW2d 316 (2000)) compels no different result. As our Supreme Court aptly stated, "[t]he difference between acquitted conduct and uncharged bad acts presented at sentencing is critical and constitutional" and "reliance on

---

[1] Defendant was sentenced under the judicial sentencing guidelines, which had an "any supporting evidence" review standard, *People v Watkins*, 209 Mich App 1, 5; 530 NW2d 111 (1995), whereas the statutory sentencing guidelines had a higher "preponderance of the evidence" review standard.

[2] While the majority states it is possible that the jury concluded that Jackson possessed a weapon or a dangerous weapon that was not a firearm, or that Jackson possessed an object used or fashioned in a manner to lead the victim to reasonably believe that it was a weapon, the only evidence presented at trial concerning anything of that matter was that defendant possessed a gun at the time of the incident.

acquitted conduct at sentencing is barred by the Fourteenth Amendment." *Beck*, 504 Mich 621, 629. Thus, this is a due process issue, not a sentencing guidelines issue. While the application of the judicial and later, the statutory, sentencing guidelines have undergone changes in their application (see, MCL 769.34(1) and *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)) the principles behind and application of due process have and do remain solid.

Because OV 1 of the judicial sentencing guidelines addresses the aggravated use of a weapon and the jury acquitted defendant of the only charges that required evidence of a weapon, I believe the trial court erroneously assessed defendant 15 points for OV 1. In imposing sentence, the trial court specifically stated that there was an allegation that "the weapon was thereby placed by the victim's head," and that it found sufficient factual basis for scoring OV 1 at 15 points. The only evidence concerning a weapon that was presented at trial was the victim's testimony that defendant pointed a gun at her head and the trial court clearly assessed the 15 points based upon defendant's possession of a gun—conduct for which defendant was acquitted. The assessment of 15 points on OV1 thus violated defendant's due process rights under *Beck*. OV 1 should be scored at 0.

"A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997) (internal citations omitted). Because the sentence in this case was based on an improper assumption of guilt and violated due process, it was based upon inaccurate information. And when OV 1 is correctly scored at 0, points, defendant's OV score changes from 50 points to 35 points, which in turn changes defendant's OV level from IV to III, and his sentencing guidelines from 240-480 months to life imprisonment to 180-360 months to life imprisonment. The trial court sentenced defendant to 360 to 600 months' imprisonment. While the 360-month minimum is within the corrected sentencing guidelines range, it is at the very top of the range. Where the trial court saw fit to initially sentence defendant only to the middle of the guidelines range and the sentence was based upon inaccurate information, I would find that defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 90-92; 711 NW2d 44 (2006).

/s/ Deborah A. Servitto