# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ANTHONY LEE-VICTOR WILLIAMS,

       Defendant-Appellant.

UNPUBLISHED
February 16, 2017

No. 329447
Wayne Circuit Court
LC No. 15-003401-FC

Before: WILDER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of kidnapping, MCL 750.349, and first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(c). We affirm.

Defendant first argues that there was insufficient competent evidence that he committed the offenses. We disagree. As explained in *People v Bailey*, 310 Mich App 703; 873 NW2d 855 (2015):

> This Court reviews de novo sufficiency-of-the-evidence issues. To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, [appellate courts] review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. Notably, the prosecutor is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide. Further, [c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [*Id.* at 713 (internal quotation marks and citations omitted).]

Defendant does not challenge the sufficiency of the evidence in support of the specific elements of kidnapping and first-degree CSC. Instead, he asserts that the victim's testimony was incompetent or incredible, and he also suggests that there was insufficient evidence that he was the perpetrator of the offenses. "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

-1-

Defendant argues that the victim's testimony was not "competent" because she changed her story, she could not initially identify him, she could only identify him in court, and only one of eight samples from the victim was DNA-tested. The alleged deficiencies in the victim's testimony relate to her credibility, and the fact that only one of the samples from the victim was DNA-tested goes to the weight of the evidence. "This Court will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

Further, defendant admitted to having sex with the victim, but claimed that he paid her for sex; thus, defendant's challenge regarding the DNA evidence linking him to the victim is not persuasive. Moreover, the victim testified that she was unable to identify defendant from the pre-trial photographic lineup because of the poor quality of the black and white photographs. However, she saw and spoke to defendant before he attacked her and she testified that she was 100 percent certain that defendant was her attacker. Viewing the evidence in the light most favorable to the prosecution, *Bailey*, 310 Mich App at 713, the jury could have reasonably found beyond a reasonable doubt that defendant committed the charged crimes of kidnapping and first-degree CSC based on the victim's identification of defendant, police testimony, and the DNA evidence indicating that defendant's DNA matched the DNA from the victim's vaginal swab.

Defendant next argues that he is entitled to resentencing because the trial court engaged in improper judicial fact-finding in scoring offense variables (OVs) 1, 3, 4, 8, 10, and 11, which affected his sentencing guidelines range. We disagree.

Whether a defendant's sentence violates the Sixth Amendment is reviewed de novo. *People v Lockridge*, 498 Mich 358, 373; 870 NW2d 502 (2015). "[A] preserved, nonstructural error is subject to the harmless beyond a reasonable doubt test." *People v Terrell*, 312 Mich App 450, 464; 879 NW2d 294 (2015), lv held in abeyance ___ Mich ___; 878 NW2d 480 (2016).

In *Lockridge*, 498 Mich at 389, our Supreme Court concluded that Michigan's sentencing guidelines violate the Sixth Amendment. To remedy the constitutional violation, the Court held that the sentencing guidelines are advisory only. *Id*. at 391. However, sentencing courts must "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Id*. at 392. Further, the sentencing court is permitted to score the OVs based on facts not admitted by defendant or found by the jury beyond a reasonable doubt. *Id*. at 392 n 28.

> When a defendant's sentence is calculated using a guidelines minimum sentence range in which OVs have been scored on the basis of facts not admitted by the defendant or found beyond a reasonable doubt by the jury, the sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness. [*Id*. at 391-392 (footnote omitted).]

Contrary to defendant's assertion, then, the trial court was required to score the OVs on the basis of judicially-found facts under *Lockridge*, 498 Mich at 392 n 28 ("Our holding today does nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, whether using judge-found facts or not."). As long as the trial court

recognized and treated the guidelines as advisory, any judicial fact-finding did not violate the Sixth Amendment. And it is apparent from the parties' arguments and the court's remarks at sentencing that the trial court was aware that the guidelines range should be treated as merely advisory under *Lockridge*. Thus, the trial court did not err to the extent that it relied on judicial fact-finding to score the OVs, and it properly considered defendant's guidelines range based on those scores. Accordingly, there was no error.[1]

We also reject defendant's claim that his sentence is unreasonable. The trial court sentenced defendant within the guidelines range. Because there was no departure, it is unnecessary to review defendant's sentence for reasonableness. See *Lockridge*, 498 Mich at 392.[2]

Finally, in a supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant argues that trial counsel was ineffective for failing to investigate the case, challenge the prosecution's evidence, introduce defendant's medical records as evidence, and interview or retain an expert. We disagree.

"A claim of ineffective assistance of counsel should be raised by a motion for a new trial or an evidentiary hearing." *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). Defendant raised the issue of ineffective assistance of counsel and requested a *Ginther*[3] hearing in his pro se motion to remand, but this Court treated the motion as a motion for leave to file an untimely pro se motion to remand, denied the motion for leave, and did not accept the pro se motion to remand for filing. *People v Williams*, unpublished order of the Court of Appeals, entered November 30, 2016 (Docket No. 329447). Therefore, our review of this issue is limited to errors apparent from the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). In *People v Jackson (On Reconsideration)*, 313 Mich App 409; 884 NW2d 297 (2015), this Court explained:

> It is strongly presumed that defense counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. When reviewing defense counsel's performance, the reviewing court

---

[1] After *Lockridge*, a party may still raise evidentiary challenges to the scoring of the OVs, separate from a constitutional challenge. See *People v Biddles*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 326140); slip op at 4. In this case, however, defendant only alleges improper judicial fact-finding with regard to the scoring of OVs 1, 3, 4, 8, 10, and 11, and does not contend that the scoring of the OVs was unsupported by the evidence.

[2] Moreover, in *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), this Court held "that a sentence that fulfills the principle of proportionality under [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)], and its progeny, constitutes a reasonable sentence under *Lockridge*." Under *Milbourn* and its progeny, a sentence that falls within the guidelines range is presumptively proportionate. *People v Dukes*, 189 Mich App 262, 266; 471 NW2d 651 (1991).

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

must first objectively determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Next, the defendant must show that trial counsel's deficient performance prejudiced his defense—in other words, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The defendant must establish both prongs of this test to prevail on his claim of ineffective assistance of counsel. In addition, to persuade a reviewing court that counsel was ineffective, a defendant must also overcome the presumption that the challenged action was trial strategy[.] [*Id.* at 431 (internal quotation marks and citations omitted).]

Defendant complains that trial counsel failed to call any witnesses at trial. However, trial counsel called both the victim and defendant to testify. Defendant fails to identify any witnesses that trial counsel should have called, other than an identification expert, a crime scene reconstruction expert, and a medical expert. But the decision regarding what witnesses to call is presumed to be a matter of trial strategy. *Id.* at 432 (citation omitted). Failure to call a witness will constitute ineffective assistance of counsel only if it deprives a defendant of a substantial defense. *Id.* (citation omitted). Defendant does not describe what testimony those experts could have provided or how their testimony would have affected the outcome of the trial. Thus, defendant fails to establish that trial counsel's performance was deficient or that counsel's failure to call additional witnesses deprived him of a substantial defense.

Defendant also argues that trial counsel failed to present any exculpatory evidence. The decision regarding what evidence to present is presumed to be a matter of trial strategy. *Id.* (citation omitted). Failure to present evidence will constitute ineffective assistance of counsel only if it deprives a defendant of a substantial defense. *Id.* (citation omitted). The only evidence that defendant identifies is his medical records, which he claims would have shown that his hand was paralyzed and, thus, that he was unable to commit the charged offenses. Defendant, however, has not submitted his medical records and, nonetheless, this Court's review is limited to mistakes apparent on the record. Moreover, defendant appears to say that his hand was *partially* or *practically* paralyzed (he says "partically [sic] paralyzed"), but he fails to explain how this would have rendered him unable to commit the charged offenses. Thus, defendant fails to establish that trial counsel's performance was deficient, or that failure to present the medical records deprived him of a substantial defense.

Finally, defendant complains that trial counsel "barely made any objections," but he fails to identify any objections that trial counsel should have made. He also fails to identify any other challenges to the prosecution's evidence that trial counsel should have made, or what any further

-4-

investigation would have revealed. Accordingly, defendant has failed to establish that trial counsel's performance was deficient or that any deficient performance prejudiced his defense.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly